7090

STATE *EX REL.* LYON, ATTORNEY-GENERAL, v. CHICCO.

PLEADINGS—NUISANCE—INJUNCTION.—Allegation that a nuisance is maintained at 83-85 Market street covers the second story of No. 83, reached by a stairway between the two, and numbered 83½, and Vincent Chicco enjoined from maintaining on said premises a place where alcoholic liquors and beverages are sold.

Petition in the original jurisdiction of this Court by Attorney-General J. Fraser Lyon for injunction against Vincent Chicco.

*Mr. Attorney-General Lyon,* for petitioner.

January 11, 1909. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a proceeding in the original jurisdiction of this Court to enjoin an alleged nuisance maintained in violation of the dispensary law.

The petition alleges in part:

1. "That your petitioner is informed and believes that the respondent, Vincent Chicco, is engaged in the business hereinafter mentioned in the city of Charleston; that the said respondent is the owner and in possession of certain real estate situate in said city of Charleston, county and State aforesaid, at Nos. 83 and 85, on Market street; that said respondent uses said property as hereinafter alleged.

2. "That petitioner is informed and believes that the property mentioned in paragraph one of this petition is used as a restaurant and mercantile establishment; that the respondent, the said Vincent Chicco, is the proprietor and manager of the said restaurant and business, and is the active keeper and manager thereof; that a part of the building on said premises is equipped with a counter, glasses, tables, chairs and other furniture and fixtures usually used in places kept as resorts where alcoholic beverages are sold and drunk, and is now, and for a long time heretofore has been, continuously maintained and used by the said Vincent Chicco as a place where people are permitted to resort for the purpose of drinking alcoholic liquors and beverages; that alcoholic liquors and beverages, which have not been tested and found to be pure and free from poisonous and deleterious matters, as provided by law, are now, and for a long time heretofore have been, sold and dispensed by the respondent, Vincent Chicco, continuously upon said premises above described and mentioned, to wit, the real estate at Nos. 83 and 85 Market street, in the said city of Charleston, and the said respondent permits persons continuously to resort to the said premises for the purpose of drinking the said alcoholic liquors and beverages; that the said restaurant and resort, maintained and used as hereinbefore alleged, is a common nuisance, the same being so

declared by an act of the General Assembly of this State, known as the Dispensary Law, approved February 16, 1907; that said resort is owned, kept, maintained and managed by the said Vincent Chicco unlawfully and in violation and disregard of said statute.

3. "That the petitioner is informed and believes that the said Vincent Chicco will continue to occupy said premises mentioned in paragraph one of this petition, and to keep, maintain and use the same as a place for the sale of alcoholic liquors and beverages which have not been tested and found to be pure and free from all poisonous and deleterious matters, and the use and consumption of which is against the morals, good health and safety of the State, and contraband; and will continue to occupy the said place and maintain the same as a common nuisance and place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, all of which will be done indefinitely in the future unless restrained and forbidden by the injunction of this Honorable Court; that said place is a common nuisance and of great injury to the public, which injury is irreparable and cannot be compensated in damages; and your petitioner is informed and believes that the State has no adequate remedy at law, and that the said nuisance will be continued unless respondent is restrained and enjoined by the Honorable Court."

The Court is asked to perpetually enjoin the respondent from using or permitting said premises to be used as a place where alcoholic liquors and beverages are sold; from maintaining, using and keeping said premises as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, and from permitting persons to resort to said premises for such purposes, and from selling alcoholic liquors and beverages.

Upon the petition, and supporting affidavits attached as exhibits, a temporary injunction in accordance therewith was granted by Associate Justice Gary, and the same, with

a copy of the petition, served upon the respondent on the 14th day of November, 1907. The respondent made answer denying the allegations of the petition, except the allegation contained in paragraph two thereof, that the premises at Nos. 83 and 85 Market street are used as a restaurant and mercantile establishment, and that respondent is the proprietor of the business conducted therein. By an order of the Court, dated January 24, 1908, it was referred to Hon. A. D. McFadden, master of Richland county, to take testimony as to the issues raised by the pleadings and report to this Court. The testimony so taken was filed in this Court on the        day of December, 1908.

After careful consideration of all the issues we are fully satisfied that the allegations of the petition are true, with the exception that it has not been shown that respondent is owner of the premises. Respondent testified that his wife was owner of the premises. It is clear, however, that respondent managed and controlled the premises, and was proprietor and manager of the enterprises carried on therein, and maintained the nuisance as alleged. Respondent, Chicco, was the only witness who testified in his behalf. He denied that he had committed the acts alleged in 83 and 85 Market street. He claimed that between 83 and 85 were separate premises, 83 1-2, and when asked as to what he did or kept in 83 1-2 he declined to answer, on the ground that it would tend to criminate him. It is thereby sought to have the Court infer that if there was any violation of the law it was not in 83 and 85 Market street, as alleged. This subterfuge cannot avail. There is no credible testimony to distinguish 83 1-2 as premises separate and distinct from 83 and 85 Market street. There does appear to be an old numbering, 83 1-2, above an entrance to a stairway between 83 and 85 Market street, which leads up to and is connected with the second story of 83, and in which Chicco and family lived. The description of the premises where the nuisance was shown to be maintained, 83-85 Market

street, covers the premises described by Chicco as 83 1-2, and the suggestion to the contrary is pretensive.

It is the judgment of this Court that the respondent, Vincent Chicco, be, and is hereby, perpetually enjoined from using said premises as a place where alcoholic liquors and beverages are sold, and from maintaining, keeping and using said premises as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, and from permitting persons to resort to said premises for such purpose, and from selling alcoholic liquors and beverages on said premises.